Joseph BELOVICH, and Bernice Belovich, Appellant (Defendant Below) (Defendants—Counterclaimants and Crossclaimants Below),

v.

Louis WILLIAMS, et al., Appellee (Plaintiff—Counterdefendant and Crossdefendants Below).

No. 45A03–8903–CV–119.

Court of Appeals of Indiana,
Third District.

April 11, 1990.

James J. Nagy, Munster, for appellant.

Robert D. Rucker, W. Henry Walker & Associates, P.C., East Chicago, for appellee.

STATON, Judge.

Joseph and Bernice Belovich (Belovich) appeal the judgment of the trial court in a quiet title action initiated by Louis Williams (Williams).

Belovich presents four issues on appeal which we consolidate as one:

Whether the trial court correctly quieted title in favor of Williams?

We affirm.

Louis Williams was a construction worker with a fourth grade education. In 1967, he rented a small house from John and Pauline Engstrand. Several years later,[1] he purchased the house on a conditional sales contract from the Engstrands for approximately $7,000.00. By making multiple contract payments, he had paid the contract price in full by 1975. Additionally, he had made a number of improvements to the house and lot: sidewalks; siding on the house; all new aluminum doors and windows; a new roof; and installation of a sewer and water lines. After paying off the contract, Williams made several unsuccessful attempts to obtain a deed to the house. Later efforts to obtain a deed were further complicated by a fire in his attorney's office, where Williams had deposited his notarized contract for the sale of the house.

In September 1985, Belovich, an electrical engineer, paid delinquent taxes of $568.41 on the property and obtained a tax sale certificate pursuant to IC 6–1.1–24–9 (Burns Code Ed., 1984 Replc.). Later, in October 1985, Williams filed a complaint to quiet title, however, because of a typing error the complaint described his property as lot 3 instead of lot 30. This error was repeated when the trial court issued its order quieting title in July 1986. Williams immediately filed a second complaint with the correct lot number.

Several months later, in March 1987, Williams' attorney approached Belovich di-

---

1. The exact date is unknown.

rectly with an offer to redeem the property. According to Belovich's testimony, he agreed to settle for $5,000.00, although he believed the statutory redemption amount at that time was only $800.00. R. 165. A few months later, in August 1987, Williams received a notice of tax sale redemption indicating that the property could be redeemed for $1,015.76 on or before September 10, 1987. He attempted to pay the redemption amount at the Lake County Auditor's office but was told that he could not redeem the property without a real estate contract or a deed.

In September 1987, the month the statutory redemption period expired, Belovich surrendered his tax sale certificate for a tax title deed pursuant to IC 6–1.1–25–4 (Burns Code Ed., 1984 Replc.) (in effect at the time of this transaction but later amended). He testified that he was aware of Williams' quiet title action when he surrendered the tax sale certificate. R. 163–5. As soon as Belovich had acquired the tax title deed he attempted to collect rent from Williams. Upon Williams' refusal to pay rent, Belovich initiated an eviction action against him in small claims court; that action was subsequently consolidated with the second quiet title action.

The trial court rescinded the tax deed, quieted title in Williams, and ordered Williams to pay Belovich the statutory redemption amount of $1,015.76. Belovich appeals from that judgment.

## I.

### *Right of Redemption*

■ Belovich contends that the issuance of a tax deed gives him a statutory right to legal title and forecloses any claim Williams may have had to the property. His argument fails because the statutory procedure was not followed. Williams was entitled to an opportunity to redeem the property pursuant to IC 6–1.1–25–1 (Burns Code Ed., 1984 Replc.) (in effect at the time of the relevant transactions but later amended). That section states:

2. We note that there was a default judgment against the auditor in this cause and that a

An owner, *occupant,* lienholder, or *other person who has an interest in real property sold under IC 6–1.1–24* may redeem the property at any time before a tax deed is issued by paying to the county treasurer the amount required for redemption under section 2 [6–1.1–25–2] of this chapter.

(Our emphasis.) Although Williams' ownership was in dispute, the evidence clearly established that he was an occupant. Furthermore, his attempts to quiet title indicated his interest in the property.

After Williams received the notice of tax sale redemption he attempted to pay the statutory redemption amount within the statutorily prescribed time limit. See IC 6–1.1–25–4 (Burns Code Ed., 1984 Replc.) (in effect at the time of the relevant transactions but later amended). The auditor refused his money and insisted that he produce a real estate contract or a deed. Such proof of ownership is contrary to the statute which provides that an occupant or a person with "an interest" in the property has the right of redemption. The auditor's conduct was contrary to law, therefore, the tax deed subsequently issued to Belovich was defective.[2]

The trial court correctly rescinded the tax deed.

## II.

### *Equity*

■ At the time of this action the statutory redemption period was two years from the issuance of a tax sale certificate. See IC 6–1.1–25–4 (Burns Code Ed., 1984 Replc.) (in effect at the time of the relevant transactions but later amended).

In September 1985, Belovich acquired the tax sale certificate. A month later, Williams initiated the first quiet title action, however, because of a typing error this action quieted title in the wrong lot. As soon as this mistake was discovered, Williams initiated a second quiet title action

penalty and fine were imposed.

which named Belovich as a defendant. It was during the pendency of this action that Belovich exchanged his tax sale certificate for a tax deed. He testified that he was aware that the quiet title action was still pending.

Belovich cannot hide behind the statute to nullify or render void a legal action for title; a timely legal action must be allowed to run its course.

Affirmed.

GARRARD, P.J., and HOFFMAN, J., concur.

